IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WILLIAM HUBBARD | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-07-CV-168 |
| | § | |
| CHEVRON PIPE LINE CO. and, | § | |
| CHEVRON U.S.A., INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

Plaintiff William Hubbard brings this action against Defendants Chevron Pipe Line Company and Chevron U.S.A. Inc. for personal injuries that he allegedly suffered while he was working aboard the Vermillion 214A, an offshore rig. Now before the Court is Defendants' Motion to Transfer to the Western District of Louisiana, Lafayette Division. For the reasons outlined below, the Motion is **GRANTED**. This case is **TRANSFERRED** to the Western District of Louisiana, Lafayette Division.[1]

**I. Legal Standard**

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least,

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

the plaintiff's privilege of choosing venue places the burden on defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers both "private and public factors, none of which are given dispositive weight." *In re Volkswagen of Am., Inc.*, 371 F.3d 201, 203 (5th Cir. 2004). The private concerns include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditions and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws o[r] the application of foreign law." *Id.* The plaintiff's choice of forum is generally entitled to great deference unless the plaintiff is not a resident of the forum or the operative facts underlying the action occurred elsewhere. *See Peteet*, 868 F.2d at 1436. The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See id.*

## II. Analysis

### 1. Private Factors

#### A. Ease of Access to Sources of Proof

Neither Party has given the Court any indication that the sources of proof in this case are so connected to one venue as to make trial in another substantially more or less convenient. As with most personal injury cases, the Court does not foresee that this case will be abnormally document intensive. Accordingly, this factor does not weigh for or against transfer.

#### B. Availability and Cost of Obtaining Attendance of Key Witnesses

Defendant lists five non-party fact witnesses, four of whom live in the Western District of Louisiana and one of whom lives in the Eastern District of Louisiana. Defendants note that the amount in controversy is too small to justify deposing each of these witnesses, but if their testimony is necessary at trial, it will be more expensive for them to testify in Galveston than in Lafayette. Defendants also list three employee witnesses who reside in Louisiana. While their testimony can be compelled by their employer, it would still be more expensive for them to travel here.

Plaintiff has three expert witnesses who reside in the Southern District of Texas. Like Defendants' employee witnesses, these witnesses' presence at trial can be compelled. While Galveston would be more convenient for Plaintiff's experts, the Court attaches little weight to their convenience since Plaintiff only came into contact with them after the inception of this litigation.

Plaintiff, who resides in the Western District of Louisiana, chose this forum, so it can be presumed that it is not inconvenient. However, since Plaintiff resides in Louisiana, it is likely not inconvenient either. Chevron is a Delaware corporation that does extensive business in both forums.

Since Louisiana is more convenient for most fact witnesses, and Texas is more convenient only for Plaintiff's experts, this factor weighs in favor of transfer.

### C. Other Practical Problems

Neither Party has presented the Court with any other relevant private interest issues.

### 2. Public Factors

#### A. Administrative Difficulties Flowing from Court Congestion

This factor does not weigh for or against transfer.

### B. Local Interest

This case involves an alleged personal injury to a Louisiana resident that occurred off the coast of Louisiana. The citizens of this District and Division have only a passing interest in this litigation. On the other hand, the residents of Louisiana have a strong interest in maintaining safety on vessels and platforms that are owned by corporations doing business there and manned by its citizens. Furthermore, Louisiana jurors have a strong concern for holding local corporations accountable and protecting the interests of injured residents. Thus, this factor weighs in favor transfer.

### C. Familiarity with Applicable Law

This case is governed by either the Outer Continental Shelf Lands Act or general admiralty law. This Court and its sister courts in the Western District of Louisiana are equally well equipped to apply the applicable law. Therefore, this factor does not weigh for or against transfer.

### D. Avoidance of Conflict of Law Issues

This factor is inapplicable to this case.

### 3. Plaintiff's Choice of Forum

Since Plaintiff is not a resident of this District, and this case has almost nothing to do with this District, Plaintiff's choice of forum is entitled to little deference. *See Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that the plaintiff's choice of forum was "entitled to little or no deference" when the plaintiff did not live in the Southern District of Texas and the case had "no significant connection to this forum"). While the Court is flattered by Plaintiff's desire to pursue its claims here, the Court finds that Plaintiff's choice does not support retention of this case when other applicable factors weigh in favor of transfer.

### III. Conclusion

For the reasons outlined above, the Court finds that Defendants' Motion to Transfer should be **GRANTED**. Accordingly, this case is **TRANSFERRED** to the Western District of Louisiana, Lafayette Division. All Parties are to bear their own costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 10th day of July, 2007 at Galveston, Texas.

Samuel B. Kent
United States District Judge